WEIDEMAN *v.* WAYNE COUNTY

MURPHY *v.* WAYNE COUNTY

1. JUDGES—SALARY—REDUCING SALARY.

A decrease in a judicial salary paid by the state is prohibited during a judicial term.

2. JUDGES—JUDICIAL SALARY—COUNTY SUPPLEMENT—REDUCING SUPPLEMENT.

A county supplement which was part of a judicial salary during any judicial term cannot be reduced.

3. JUDGES — JUDICIAL SALARY — COUNTY SUPPLEMENT — REDUCING SALARIES.

County's reducing the supplement it had been paying to judges was constitutionally impermissible even though the reduction was made simultaneously with an increase in the state judicial salary and the net salaries of the judges were actually increased.

Consolidated appeals from Wayne, John X. Theiler, J. Submitted Division 2 October 5, 1971, at Lansing. (Docket Nos. 11205, 11206.) Decided October 27, 1971. Leave to appeal denied, 386 Mich 776.

Complaint by Carl M. Weideman against Wayne County, Wayne County Board of Supervisors, and Wayne County Board of Auditors, to recover unpaid judicial salary. Summary judgment for plaintiff. Defendants appeal.

REFERENCE FOR POINTS IN HEADNOTES

[1-3] 46 Am Jur 2d, Judges § 66 *et seq.*

Complaint by Marie H. Murphy, administratrix of the estate of Thomas J. Murphy, against Wayne County to recover unpaid judicial salary. Summary judgment for plaintiff. Defendant appeals. Affirmed as to both cases.

*Fischer, Franklin & Ford* (by *George Hogg, Jr.,* and *Francis E. Bentley*), for plaintiff Weideman.

*Robert E. Murphy,* for plaintiff Murphy.

*William L. Cahalan,* Prosecuting Attorney, *Aloysius J. Suchy,* Corporation Counsel, and *W. Leo Cahalan, Jr.,* and *Adam P. Angelas, Assistant* Prosecuting Attorneys, for defendants.

Before: McGREGOR, P. J., and QUINN and O'HARA,* JJ.

PER CURIAM. Each plaintiff has filed a motion to affirm upon the authority of *Deneweth* v. *Green.* (1971), 385 Mich 763, with opposition thereto by defendants. The grounds relied on by them are:

First, that while a reduction of Wayne County's supplement to the involved judicial salaries was in fact made, it was made simultaneously with an increase in the state judicial salary, and that the net salaries of the plaintiffs were actually increased.

Second, defendants argue that the constitutional prohibition against reducing judicial salaries during a term relates to the total salary and is inapplicable to its component parts.

In essence, ground two is a restatement of ground one since it only is declaratory of *how* the result in ground one eventuated.

---

* Former circuit justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

If the reduction made as stated in ground one is constitutionally infirm, irrespective of its effect upon the total net salary, the answer to the argument advanced in ground two is of necessity controlled by the holding as to ground one.

We are persuaded that *Deneweth, supra,* controls. Whether the reduction occurs by operation of an unconstitutional statute, as in *Deneweth,* or by the unconstitutional action of the county legislative body and its named agencies, as here, is not to the point.

What is constitutionally impermissible to the sovereignty itself acting through the Legislature, is impermissible to any lesser unit of government created by the Legislature. *Deneweth* interdicts a decrease in a judicial salary paid by the state during a judicial term. It likewise interdicts a reduction in a previously established county supplement which was a part of a judicial salary during any term.

Under the controlling law of *Deneweth,* the motions to affirm are granted.